<div style="text-align:center; color:red">CORRECTED</div>

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-1045V
### UNPUBLISHED

| | |
|---|---|
| DANIEL JOHNSON,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: June 12, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Jessica Olins*, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.

*Robert Paul Coleman, III*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On July 17, 2018, Daniel Johnson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of his November 21, 2016 influenza ("flu") vaccination. Petition at 1-7. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 21, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On June 10, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $167,499.14, representing compensation for lost earnings ($23,568.23), actual pain and suffering ($112,500.00), and past unreimbursable expenses ($31,430.91). Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.*

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $167,499.14 (representing compensation for lost earnings ($23,568.23), actual pain and suffering ($112,500.00), and past unreimbursable expenses ($31,430.91)) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<div style="text-align:right">
<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master
</div>

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DANIEL JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 18-1045V |
| v. ) | Chief Special Master Corcoran |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## PROFFER ON AWARD OF COMPENSATION[1]

**I.   Procedural History**

On July 17, 2018, Daniel Johnson ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34, for an injury petitioner allegedly sustained as a result of an influenza vaccination administered on November 21, 2016. Petition at 1. Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS"), which is an injury listed on the Vaccine Injury Table ("Table") for the influenza vaccine. *Id.*

On April 20, 2020, respondent filed a Vaccine Rule 4(c) Report concluding that petitioner met all requirements to demonstrate that he suffered from GBS caused by influenza vaccination as defined by the Vaccine Injury Table, and on April 21, 2020, the Court found petitioner entitled to compensation.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to discuss after the Damages Decision is issued.

## II. Items of Compensation

### A. Lost Earnings

Evidence supplied by petitioner documents that he has suffered a past loss of earnings. Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for petitioner's lost earnings is $23,568.23. Petitioner agrees.

### B. Pain and Suffering

The parties agree that based upon the evidence of record, petitioner is entitled to compensation for actual pain and suffering. Therefore, respondent proffers that petitioner should be awarded actual pain and suffering damages as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4). Respondent proffers that the appropriate award for petitioner's actual pain and suffering is $112,500.00. Petitioner agrees.

### C. Past Unreimbursable Expenses

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses associated with his vaccine-related injury. Therefore, respondent proffers that petitioner should be awarded past unreimbursable expenses as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B). Respondent proffers that the appropriate award for petitioner's past unreimbursable expenses is $31,430.91. Petitioner agrees.

## III. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the Chief Special Master's

decision and the Court's judgment award the following:[2]

A lump sum payment of $167,499.14, representing compensation for lost earnings, actual pain and suffering, and past unreimbursable expenses in the form of a check payable to petitioner.  Petitioner agrees.

                                        Respectfully submitted,

                                        JOSEPH H. HUNT
                                        Assistant Attorney General

                                        C. SALVATORE D'ALESSIO
                                        Acting Director
                                        Torts Branch, Civil Division

                                        CATHARINE E. REEVES
                                        Deputy Director
                                        Torts Branch, Civil Division

                                        ALEXIS B. BABCOCK
                                        Assistant Director
                                        Torts  Branch, Civil Division

                                        <u>s/ Robert P. Coleman III</u>
                                        ROBERT P. COLEMAN III
                                        Trial Attorney
                                        Torts Branch, Civil Division
                                        U.S. Department of Justice
                                        P.O. Box 146
                                        Benjamin Franklin Station
                                        Washington, D.C. 20044-0146
                                        Tel: (202) 305-0274
                                        Email: <u>Robert.P.Coleman@usdoj.gov</u>

DATED:   June 10, 2020

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.